# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Kimberly A. Ellis

v.

Jonathan B. Klock

January 24, 2000

Case No. CL99-304

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case, removed from general district court by the defendant, is before the court on the plaintiff's motion to remand the case to general district court because of deficiencies in the defendant's affidavit for removal.

## The Removal Process

The general district court is a court of limited jurisdiction. Those courts have jurisdiction to adjudicate civil actions within a $15,000.00 monetary limit. Virginia Code § 16.1-77. If the amount in controversy exceeds $3,000.00, the defendant may remove the case to the circuit court by complying with the statutory requirements.

Virginia Code § 16.1-92 governs removals. In order to remove a case from general district court to circuit court, the defendant must file an "affidavit of substantial defense" in general district court stating the ground of such defense, and he must pay certain costs. These steps must be taken before the return day or within ten days after the return day if no judgment has been rendered. The judge of that court then removes the case by entry of an order, and the papers are transmitted to the circuit court. Trial in circuit court follows customary procedure.

Effective July 1, 1999, the General Assembly amended § 16.1-92 to deny a defendant the right of removal if the sole issue is the "amount or computation of damages." In other words, removal is available in actions exceeding $3,000.00 only when the defendant has a substantial defense to the merits of the claim, not just to the amount of damages claimed.

*Facts*

The plaintiff filed a warrant in debt in general district court seeking $15,000.00 for personal injuries resulting from an automobile accident. The return day was July 28, 1999.

On July 9, 1999, the defendant sent notice to the plaintiff that he intended to remove the case to the circuit court. The petition to remove and accompanying affidavit were filed on July 26, 1999, with notice to the plaintiff. The general district court judge signed an order of removal on July 28, 1999.

The papers were promptly transmitted to the circuit court, and the parties were notified. Rather than object, the plaintiff filed a praecipe to have the case set for trial. At the October 1999 docket call, the case was set for trial by jury on June 13, 2000. The parties proceeded to engage in discovery.

On December 28, 1999, the plaintiff moved to remand the case to general district court. The plaintiff correctly observed that the defendant failed to comply with § 16.1-92 in that he did not state the grounds of his defense in his affidavit. The plaintiff's motion was argued on January 18, 2000, and taken under advisement.

*Decision*

The removal statute requires the defendant to state the grounds of his defense under oath. The defense must be "substantial." The defense must relate to the merits of the claim, not just to the amount or computation of damages. Failure to comply with the statutory requirements renders the removal defective.

Here, the affidavit does not comply with the statute because it does not state the grounds of defense. It merely asserts "there is a substantial defense .... ."

However, the real question in this case is whether noncompliance with § 16.1-92 is a fatal, nonwaivable defect. The plaintiff did not object to the removal in the general district court, nor did she object to the removal when she was notified of the removal by this court. She was the catalyst for getting

the case set for trial in this court. She conducted discovery. She filed the praecipe that put the case on the trial docket. In her praecipe, set forth in the customary form, the plaintiff certified that the case "is matured for trial on its merits . . ." and should be "set for trial."

The court is of the opinion that strict compliance with § 16.1-92 can be waived expressly, or implicitly by conduct of the parties, so that noncompliance is not necessarily fatal. The court agrees with the plaintiff that noncompliance with § 16.1-92 can result in a remand to the lower court.

Under the circumstances of this case, recited above, the defendant's noncompliance has been waived. The parties are at issue, the case is set for trial, discovery has been conducted, and it is now too late to complain that the affidavit filed five months ago in general district court was deficient.

Therefore, the motion will be denied.